Settle order on notice.

**TOY ENTERPRISES OF AMERICA,**
Inc., Plaintiff,

v.

**PRESSMAN TOY CORPORATION,**
Defendant.

United States District Court
S. D. New York.

Nov. 28, 1955.

Max Shlivek and Maurice Block, New York City, for plaintiff. Max Shlivek, New York City, of counsel.

John H. Olaccum, New York City, for defendant.

CASHIN, District Judge.

In this action the plaintiff, Toy Enterprises of America, Inc., seeks damages and injunctive relief against the defendant, Pressman Toy Corporation, for infringement of plaintiff's Patent No. 2,-477,531.

### Findings of Fact

1. Plaintiff, Toy Enterprises of America, Inc. is the assignee and owner of Patent No. 2,477,531, dated July 26, 1949 for "Improvement in Magnetic Dart Games".

2. Plaintiff's patent in general covers a dart game, the feature of which is a magnetic dart that will adhere to a metal target at which it is thrown.

3. The defendant, Pressman Toy Corporation, manufactures a magnetic dart game, the essential feature of which is a magnetic dart that will adhere to a metal target at which it is thrown.

4. Dart games are ancient. Magnets and magnetic games are as old. The Singer Patent No. 696,602, dated April 1, 1902, shows a magnetic dart game in which the target is the magnet. The Fishlove Patent No. 2,562,089, application for which was filed April 22, 1946, which was prior to the application for the patent in suit, covers a magnetic dart game in which the projectile was magnetized.

5. Plaintiff's patent reveals nothing new nor does it combine the old for a new function. It does not rise to the dignity of an invention.

### Conclusions of Law

I. The patent in suit is invalid for failure to disclose patentable invention.

II. Plaintiff's complaint is dismissed.

On the trial of this action some effort was made to attribute uniqueness to the shape of the magnet used on the dart. The evidence reveals that the magnet used by both plaintiff and defendant were common stock items and could be purchased in the open market. Nothing in plaintiff's patent or in the evidence in this case shows that the particular shape of the magnet used was unique or the product of invention.

It is the opinion of the Court that the patent in suit is of the kind which occasioned the Supreme Court's criticism in Great A. & P. Tea Co. v. Supermarket Equip. Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162.